SONJA D. KERR (AK BAR NO. 0409051)
MEG K. ALLISON (AK BAR NO. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: skerr@dlcak.org
       malison@dlcak.org
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| H.S, by and through her parents, M.S. and J.S., | Case No. _____ |
| Plaintiffs | Complaint and Appeal |
| v. | |
| Anchorage School District, Defendant. | |

_____

**INTRODUCTION**

1. This is a lawsuit on behalf of H.S., a minor high school child with reactive attachment disorder, emotional problems, including major depression and longstanding depression, a nonverbal learning disability and related problems. H.S. is presently in a private facility to meet her educational and related needs and brings suit under Section 504

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to a federal law, Section 504 of the Rehabilitation Action of 1973, 29 U.S.C. § 701, et. seq., and specifically, § 705, §794.

2.     Venue is proper in this Court under 28 U.S.C. §1391(b) and LR 3.3. Defendant Anchorage School District ("District") is within the District of Alaska and all of the events giving rise to this action occurred in the District of Alaska.

## PARTIES

3.     H.S. is a 16 year old minor child with longstanding depression, reactive attachment disorder, a nonverbal learning disability and related disabilities. Because of her disabilities and their impact on her major life activity of learning, and caring for one's self, H.S. is a handicapped person entitled to all of the procedural rights and protections of Section 504 of the Rehabilitation Action of 1973, 29 U.S.C. § 701, et. seq. and 34 CFR Part 104. H.S. is a qualified handicapped person who is of an age during which she would be entitled to public schooling. H.S. has a record of an impairment, having previously been diagnosed as having a specific learning disability from preschool until sixth grade. H.S. was clearly regarded as disabled at various times by school districts. M.S. and J.S. are the parents of H.S. H.S.'s parents live within the residential boundaries of the Anchorage School District ("District").  H.S. currently resides at Chaddock, a private facility offering 24 hour care, including counseling, educational services, and located in Quincy, Illinois. H.S.'s placement at Chaddock was made due to her disabilities as a result of suicidal tendencies and other difficulties, which lead to her placement there.

4.     Anchorage School District ("District") is the local school district receiving federal financial assistance and thus, responsible to ensure that H.S. receives all of the rights and protections to which she is lawfully entitled under the provisions of Section 504.

## FACTUAL ALLEGATIONS

5.     H.S. was born February 11, 1990. She is presently sixteen years old. H.S. suffers from depression and other disabilities.

6.     H.S. is entitled to the benefits of the District's programs and activities as a student residing within the District and enrolled in the same at the time this claim arose.

7.     Despite specific knowledge that H.S. suffered from reactive attachment disorder and depression and other disabilities, the District never offered H.S. a Section 504 plan to address those needs. H.S.'s parents repeatedly requested assistance from the District in accommodating H.S.'s disabilities while she was attending public school in the District and prior to her placement at Chaddock.

8.     Upon information and belief, the District has born no cost for H.S.'s placement at Chaddock. However, the State of Alaska, through its Medicaid system, has paid some portion of her care at Chaddock.

## CLAIM FOR RELIEF

9.     Plaintiffs incorporate by reference herein the allegations in paragraphs 1 through 9 inclusive.

10.    Defendant District has violated Section 504 by failing to identify and evaluate H.S., and by failing to offer her an appropriate program of educational services from at least 2005 forward including academic support, and counseling based upon her unique needs and through the requisite procedures as required by Section 504. 29 U.S.C. § 701, et. seq; 34 C.F.R. Chapter 104, Subpart D.  Such violation has denied H.S. a free

appropriate public education as contrary to 34 C.F.R. § 104.32 and 104.33(c)(4), which requires that the District provide a free appropriate public education that is <u>without charge</u> to the family.

11.    H.S. unsuccessfully attempted to get relief through an Individuals with Disabilities Education Act administrative proceeding pursuant to 20 U.S.C. § 1400 et seq. <u>Ex. A</u>. The decision of the hearing officer in that matter is currently on appeal before the Superior Court for the State of Alaska in Anchorage. It is not clear if the IHO in that matter had jurisdiction over Section 504. Further, the IHO did not specifically rule on H.S.'s Section 504 claim. Pending before the Superior Court is a motion to dismiss H.S.'s appeal of the hearing officer's determinations for untimeliness. If that appeal is dismissed by the Superior Court, H.S. will seek to amend this complaint to include H.S.'s IDEA claims and a claim for failure of the State of Alaska to have in statute, practice and notice a clear appeal timeline for the purposes of appealing an administrative decision under the IDEA. The IDEA provides for 90 days in which to appeal an administrative decision under the IDEA to federal court pursuant to 20 U.S.C. § 1415(i)(2)(B).

## RELIEF REQUESTED

WHEREFORE, pursuant to this Court's authority and jurisdiction under 29 U.S.C. § 701, et. seq., H.S. hereby requests that the Court:

1.    Order the District to pay H.S. reimbursement for the costs of services at private day residential treatment, travel expenses, private counseling services, and various evaluations provided at parent expense.

2.   Attorney fees and expert witness costs for the underlying due process hearing, the drafting of this complaint and reasonable attorneys' fees and costs in the pursuit of this action.

3.   All other appropriate relief consistent with Section 504.

Dated: May 30, 2006

/s Sonja D. Kerr
SONJA D. KERR (AK B AR N O.0409051)

/S M EG K. A LLISON
MEG K. ALLISON (AK B AR N O. 0511091)
D ISABILITY L AW C ENTER OF A LASKA
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: skerr@dlcak.org
       malison@dlcak.org
Attorney for Plaintiffs

Certificate of Service

I hereby certify that on the 30th day
of May 2006, a true and correct
copy of this document was served by
fax on:
Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

/s Meg K. Allison
Meg K. Allison